## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-03763-SVW-MRW | Date | June 18, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Sonja Jefferson et al | | |

## JS - 6

| Present: The Honorable | STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Cruz | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER re: Third EX PARTE APPLICATION to Remand [5]

## I.     INTRODUCTION

On October 17, 2011, Plaintiff US Bank National Association ("US Bank") filed the instant action in Los Angeles County Superior Court against Defendant Sonja Jefferson alleging unlawful detainer pursuant to California Code of Civil Procedure § 1161a. On February 28, 2012, Defendant filed the first Notice of Removal to this Court. (App. at 4). After the Court ordered for the case to be remanded back to Los Angeles Superior Court, Defendant filed a second Notice of Removal. (Id.). On April 19, 2012 the Court ordered the case be remanded back to the Los Angeles Superior Court again and stipulated Defendant would be sanctioned if she filed another Notice of Removal. (Id.). Defendant proceeded to file a Third Notice of Removal (hereinafter "NOR") on May 3, 2012. (Dkt. 1). Defendant purports to remove the action on the basis of federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. (NOR at 5). Because the claim lacks Federal Question Jurisdiction, the Court REMANDS the claim to Los Angeles Superior Court and GRANTS Plaintiff's request for the attorney's fees incurred in preparing and arguing the Motion to Remand.

## II.     ANALYSIS

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-03763-SVW-MRW | Date | June 18, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Sonja Jefferson et al | | |

JS - 6

(9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption."  Id. at 393 (emphasis in original).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer.  No federal claim is alleged.  Defendant alleges that federal question jurisdiction exists because the action involves questions of federal law over which the Court has concurrent jurisdiction pursuant to 28 U.S.C. § 1331.  (NOR at 5).  However, there is no federal question presented on the face of Plaintiff's complaint, nor is there a federal statute cited in Plaintiff's action.  Even if the statutes listed in Defendant's Notice of Removal raised a federal question, it would not be valid, as it was raised in a defense.  Caterpillar, 482 U.S. at 392.  Therefore, Defendant has failed to show that federal question jurisdiction exists.

Further, Defendant claims diversity jurisdiction pursuant to 28 U.S.C. §1332 exists with respect to the instant action.  (NOR at 10).  However, Plaintiff has not argued that the Court has diversity jurisdiction, nor does the amount in controversy exceed the sum or value of $75,000.  Plaintiff's First Amended Complaint ("FAC") alleges damages in the sum of $93.33 per day beginning on September 19, 2011, which does not exceed $25,000.00.  (FAC at 2:1-2, 26-27).  Therefore, Defendant has failed to show that diversity jurisdiction exists.

Finally, Plaintiff requests to be awarded the sum of $1,125.00 in attorneys' fees.  The Court may order payment of just costs and expenses, including attorney's fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  Defendant has not demonstrated the existence of either federal question or diversity jurisdiction.  (App. at 7; see FAC at 2).  Defendant has improperly removed this case three times.  Furthermore, Defendant ignored this Court's clear instructions that she would be subject to sanctions if she filed a Third Notice of Removal.  Defendant ignored those clear instructions.  Accordingly, the Court GRANTS Plaintiff's request for the reasonable sum of $1,125 in fees.

### III.     CONCLUSION

The Court hereby REMANDS this case to Los Angeles County Superior Court for the reasons set forth in this Order.  Further, the Court grants the award of attorney's fees in the sum of $1,125.00 to Plaintiff pursuant to 28 U.S.C. § 1447(c).  The status conference scheduled for June 25, 2012 is hereby VACATED.

IT IS SO ORDERED.

cc: Fiscal Section